```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
ALTERNATIVE HEALTH CARE OF NEW YORK,
a/a/o UBALDINA HERNANDEZ,
LIDUVINA MARCANO, BALADEVA GUILLEN,
FIORDELISA FIGUEROA, RICHARD DEJESUS,
MELIDA ARIAS, RAMON SOLER, and
GLORIA RODRIGUEZ,

                        Plaintiffs,
                                            04 CV 6994 (KMW)(RLE)
        -against-                           ORDER

MERCHANTS AND BUSINESS MEN'S MUTUAL
INSURANCE COMPANY,

                        Defendant.
---------------------------------------x
```

KIMBA M. WOOD, U.S.D.J.:

This case was transferred to the Southern District of New York on August 30, 2004.  Defendants filed an Answer to the Complaint on September 30, 2004; no party has taken any further action.

On October 24, 2006, the Court ordered the parties to submit a status report no later than November 3, 2006.  The parties did not comply with the Court's Order.

On April 24, 2007, the Court again ordered the parties to submit a status report no later than May 4, 2007 (the "April 2007 Order").  The April 2007 Order specifically warned the parties that failure to comply or further delays could result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.  See generally LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001).  The parties did not comply with the

April 2007 Order.

"[I]t is unquestioned that Rule 41(b) [] gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir.1982)).

Dismissal is a harsh remedy, appropriate only in extreme situations. Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir.1972) (per curiam). A district court considering dismissing a case for want of prosecution must balance several factors, none of which is itself dispositive. Nita v. Conn. Dept. of Envtl. Protection, 16 F.3d 482, 485 (2d Cir.1994). These factors are: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209 (quoting Alvarez v. Simmons Mkt. Research

Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988)).

Here, the parties' failure to take any substantive action during its pendency of more than three years or to respond to this Court's orders and warnings leads the Court to conclude that Plaintiff's failure to prosecute warrants dismissal of the case.

Accordingly, the case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close the case. Any pending motions are moot.

Dated:   New York, New York
         October 9, 2007

                                        _____
                                        Kimba M. Wood
                                        United States District Judge

3